1808

til he knew of the sale by *Joseph Sanders* to the defendant. The defendant excepted; and the verdict and judgment being against him, he brought the present appeal.

The case was argued before Tilghman, Polk, and Buchanan, J.

*Key*, for the Appellant; referred to the act of 1715, *ch.* 23, *s.* 2.

*Mason*, for the Appellee.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

Dec. (E. S.)

GRAY and BIDDLE vs. WOOD, *et ux.*

*An action on a promissory note, endorsed in blank, by the payee, may be maintained in his name for the use of the holder, although the holder paid a valuable consideration to the payee at the time of the endorsement.*

*A promissory note is not invalidated by being antedated.*

APPEAL from *Cecil* county court. An action of *assumpsit* was brought in the names of the appellees, for the use of *Benjamin Sluyter*, upon a promissory note dated the 1st of January 1801, executed by the appellants, and payable on demand to *Elizabeth*, (the female appellee,) whilst she was sole, by the name of *Elizabeth Hugg*, or order. The general issue was pleaded.

1. At the trial, the original note was produced by the plaintiffs in support of their action, and there appearing a blank endorsement in the name of the payee, *Elizabeth Hugg*, which the defendants proved to be her hand-writing, the defendants insisted that the note was transferred by the endorsement to *Benjamin Sluyter*, of which the institution of the suit for his use was an evidence. The defendants also offered testimony to show, that at the time this endorsement was made, *Sluyter* paid a valuable consideration for the note to *Elizabeth Hugg*, with a view to contend that the whole interest of the payee, in the note passed to *Sluyter*, and. that the action ought to have been in his name as endorsee. But the court, [*Tilghman*, Ch. J. and *Purnell*, A. J.) refused to let the testimony go to the jury, and were of opinion that the same was inadmissible. The defendant excepted.

2. The plaintiffs then called the subscribing witness to the note, to prove the execution of it, who proved that the note was executed by the defendants, and attested by him the witness, but not on the 1st of January 1801; that the note was antedated, and he did not know, on what day it was executed. The defendants then prayed the court to

direct the jury, that this was not sufficient and proper evidence to go to the jury, to support the issue joined on the part of the plaintiffs. But the court were of opinion, that the evidence was competent and proper, and permitted it to be given. The defendants excepted; and the verdict and judgment being for the plaintiffs, this appeal was prosecuted by the defendants.

The cause was argued in this court before BUCHANAN, NICHOLSON, and GANTT, J. by

*Costen*, for the Appellants; and by
*Earle*, *Barroll* and *Carmichael*, for the Appellees.

THE COURT concurred with the County Court in the opinions expressed in both of the bills of exceptions.

JUDGMENT AFFIRMED.

1808

Davis
vs
Walsh

---

## DAVIS et ux. vs. WALSH.

APPEAL from a decree of the Court of Chancery, *dismissing* the bill of complaint. The bill stated, that *Davis* being seized of a valuable real property, and also possessed of a considerable personal estate, consisting, among other things, of certain chattels real, and being also indebted to divers citizens of this and of the *United States*, beyond what he was able to pay without a greater indulgence than his creditors were disposed to grant him, was compelled, sometime in the summer of the year 1787, to apply to the chancellor for the benefit of the act of assembly respecting insolvent debtors; that in consequence

DECEMBER.

W D becoming an insolvent debtor, his real estate was sold by his trustee, and purchased by C D, to whom a deed was executed. C D, in making the purchase, acted professedly as a friend to W D, so far that if he could procure the purchase money within a certain time, he was to have the benefit of the purchase; but as he could not raise the purchase money, it became necessary to sell a part of the

estate to reimburse C D, which part W D and M his wife, were desirous to preserve to themselves, and were anxious to procure a friend to become the purchaser for and on behalf of M, the wife, and as a trustee for her; which intention, previous to the sale, was made known to R W, who approved of it, and it was agreed that J S, should be the nominal purchaser, and R W was to be his surety for the purchase money. J S became the purchaser, and it was known and understood, at the time, that he purchased for M the wife of W D. R W became surety for J S, and W D has always been in possession of the premises. W D, having part of the purchase money applied to R W, to obtain a bond of conveyance from C D to M, the wife of W D, for the property, when he was informed by R W that he had got a bond to himself, as J S had given it all up to him, and that W D had nothing to do with it. J S had been induced, in order to secure R W, to direct C D to give a bond of conveyance to R W, who assured J S that no advantage should be taken of W D, and that when he paid the purchase money, a deed should be executed to his wife M. The premises were conveyed by C D to R W, who brought an action of ejectment against W D. The amount of principal and interest, of the purchase money, was tendered by W D to R W, and a deed demanded, which he refused to execute. W D, and M his wife, filed their bill against R W, to be quieted in their possession of the premises, and to compel a conveyance from him to M, the wife.—*Decreed*, that R W convey the land in question to W D, and M his wife, in fee simple, and that an account be stated, &c. and the balance due be paid at the time R W shall convey the land,